## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WALKER DIGITAL, LLC** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. _____** |
| **AMAZON.COM, INC.** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Walker Digital, LLC, ("Walker Digital") files this complaint for patent infringement against Defendant Amazon.com, Inc.:

## THE PARTIES AND PATENTS-IN-SUIT

1.     Plaintiff Walker Digital, LLC is a Delaware limited liability company with its principal place of business located at 2 High Ridge Park, Stamford, Connecticut 06905.  Walker Digital is a research and development laboratory that has been the genesis for many successful businesses, including Priceline.com and Synapse, Inc.

2.     On information and belief, Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business located at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144.

## JURISDICTION AND VENUE

3.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.     On information and belief, Defendant is subject to this Court's jurisdiction because Defendant has, upon information and belief, transacted business in this district including, more specifically, directly and/or through intermediaries, shipping, distributing, offering for sale, selling, and/or advertising (including via the provision of such services over the Internet) each of its products and services in the State of Delaware.   Further, Defendant is corporations organized and existing under the laws of the State of Delaware. Defendant, upon information and belief, is doing substantial business in this District, and has committed acts of patent infringement in this District.

5.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## THE ASSERTED PATENT

6.     On October 19, 1999, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,970,470 ("the '470 patent"), entitled "System and Method for Establishing and Managing Subscription Purchase Agreements Including Commitments to Purchase Goods Over Time at Agreed Upon Prices" to Jay S. Walker, James A. Jorasch and Andrew S. VanLuchene, who assigned their rights and interests in the '470 patent to Walker Digital.  A true and correct copy of the '470 patent is attached as Exhibit A.

7.     Walker Digital is thus the owner of the '470 patent.

## FACTUAL BACKGROUND

8.     Walker Digital is a research and development laboratory that has invested many millions of dollars in the development of its intellectual property.  Walker Digital is comprised of a diverse group of inventors who solve business problems by studying human behavior and designing innovative solutions utilizing modern information technologies.   Walker Digital's invention team has created a portfolio of more than 200 U.S. and international patents in a wide

range of industries that include retail, vending, credit cards, security, gaming, educational testing, and entertainment.  Jay Walker, the chairman of Walker Digital, is best known as the founder of Priceline.com, which brought unprecedented technology and a new level of value to the travel industry.   The business processes that guide Priceline.com's success were created in the invention lab of Walker Digital.  As an inventor, Mr. Walker is named on more than 450 issued and pending U.S. and international patents.

9.      Walker Digital has invested large sums of money to develop the inventions of Mr. Walker and the team of innovators.  This investment was used for many things, including the development of laboratory facilities to assist with the development and testing of new inventions which, in turn, generated additional new inventions.  Many of these new inventions have been the genesis for successful businesses, including Priceline.com and Synapse, Inc.  Revolutionary technologies, including the subscription purchase system and method described and claimed in the '470 patent, were a direct result of that investment.

10.     The '470 patent represents breakthrough technology in the field of subscription purchase agreements and management.  Through the inventions of the 470 patent, merchants and retailers facilitate sales of goods by offering lower prices in exchange for a subscription arrangement.  By way of example and not limitation, merchants can offer a purchaser lower prices in exchange the purchaser's agreement to buy a specified plurailty of an item over a specified period time, thereby increasing overall sales.

## <u>COUNT I</u>

### <u>(Infringement of the '470 Patent)</u>

11.     Walker Digital incorporates and realleges the allegations of paragraphs 1-10.

12.     Upon information and belief, Defendant Amazon is infringing (literally and/or under the doctrine of equivalents) the '470 patent in this District and throughout the United States by, among other things, making and using systems for facilitating sales through subscription services, including "Subscribe & Save" on Amazon.com, covered by, without limitation, claims 98 and 107 of the '470 patent.  By way of example and without limitation, Defendant stores purchaser-specific information though its website relating to specific products that purchasers request to buy at a lower price by subscribing to a specified quantity of a product at a specified price over a specified period of time.

13.     Defendant committed these acts of infringement without license or authorization.

14.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '470 patent.

## DEMAND FOR JURY TRIAL

Plaintiff Walker Digital, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

For the above reasons, Walker Digital respectfully requests that this Court grant the following relief in favor of Walker Digital and against Defendants:

(a)     A judgment in favor of Walker Digital that Defendant has directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '470 patent;

- 4 -

(b)     A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringing the '470 patent;

(c)     A judgment and order requiring Defendant to pay Walker Digital its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '470 patent;

(d)     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Walker Digital its reasonable attorneys' fees; and

(e)     Any and all such other relief as the Court deems just and proper.

April 22, 2011

Of Counsel:

  James C. Otteson
  David A. Caine
  Thomas T. Carmack
  Agility IP Law, LLC
  1900 University Circle
  Suite 201
  East Palo Alto, CA  94303
  jim@agilityiplaw.com
  dacaine@agilityiplaw.com
  tom@agilityiplaw.com
  (650) 227-4800

BAYARD, P.A.

/s/ *Richard D. Kirk*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

Attorneys for Plaintiff Walker Digital, LLC